NO. 07-00-0542-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 8, 2002



______________________________




ERIC RAMIREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B 3605-0008; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

 Appellant Eric Ramirez appeals from his conviction for burglary of a habitation and
punishment of three years incarceration, which was suspended for 10 years. We affirm. 

 Appellant was charged by indictment in the 242nd District Court of Swisher County,
with burglary of a habitation. After having been given his Miranda warnings, appellant
gave Tulia police officers a written statement in connection with the alleged crime. 
Appellant filed a motion to suppress the written statement. Following a pretrial hearing on
the motion to suppress, the trial court overruled the motion. 

 The case was tried to a jury. The jury found appellant guilty and sentenced him to
three years in the Institutional Division of the Texas Department of Criminal Justice, with
a recommendation that the confinement be suspended. In accordance with the jury's
recommendation, the trial court suspended imposition of the sentence as to imprisonment
and placed appellant on community supervision for 10 years. Appellant filed a Notice of
Appeal and Motion for New Trial. No hearing was requested or held on the Motion for New
Trial. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has
set out a detailed analysis of the evidence demonstrating a conscientious review of the
record, and has memorialized his conversations with appellant in connection with the
appeal. Counsel has also attached exhibits showing that a copy of the Anders brief and
Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately
advised appellant of appellant's right to review the record and file a response to counsel's
motion and brief. Appellant has not filed a response to counsel's motion and brief.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds on which appeal could be predicated. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the
appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Justice





Do not publish.



 (Emphasis added). And, at the time
Wilhite dismissed, through non-suit, his claims against the defendants, the trial court had
pending before it a demand by one of the defendants, i.e. Covenant, for attorney's fees
and costs against the other defendant. (4) Simply put, "any motion" for attorney's fees and
costs means just that, "any motion" for attorney's fees and costs, and the demand of
Covenant is "any [such] motion." 

 Nor do we find the case of Le v. Kilpatrick, 112 S.W.3d 631 (Tex. App.-Tyler 2003,
no pet.) controlling. Edwards cites it for the proposition that a claim for indemnification is
not a claim for affirmative relief and, thus, it is subject to vitiation when a plaintiff files a
non-suit. While Le says as much, id. at 634, we note at least one pivotal circumstance
differentiating the dispute there from that before us. In Le, nothing was said about there
being a pending request for attorney's fees and costs at the time of the non-suit. In other
words, the second paragraph of Rule 162 specifies two categories of claims that are
shielded from vitiation due to a non-suit. One involves requests for "affirmative relief" while
the other involves "any motion for sanctions, attorney's fees or other costs, pending at the
time of dismissal . . . ." Tex. R. Civ. P. 162. Le dealt with the former, not the latter, and it
is the latter category that is involved here. Finally, that Covenant may have labeled its
request as one for indemnification, we note the old adage: "a rose is a rose by any other
name." That is, irrespective of the label appended to the motion, its substance is of import. 
See Rush v. Barrios, 56 S.W.3d 88, 93 (Tex. App.-Houston [14th Dist.] 2001, pet. denied)
(requiring courts to afford meaning to the substance of motions not their title). And, the
substance of the motion on file and pending adjudication at the time of non-suit fell within
the parameters of Rule 162. 

 In sum, the very order Edwards attempts to attack on appeal is interlocutory. 
Because it is interlocutory, we lack jurisdiction over the dispute. And, lacking such
jurisdiction, we dismiss the appeal.

 Brian Quinn 

 Chief Justice 
1. Recovery was founded upon the allegations that 1) Edwards and Covenant sold to Ruth Marjean
Wilhite a contaminated mitral valve, 2) the valve was surgically implanted into Ruth, and 3) as a result of the
contamination and efforts to ameliorate it, she died. 
2. The statute provides that a manufacturer shall "indemnify and hold harmless a seller against loss
arising out of a products liability action . . . for which the seller is independently liable." Tex. Civ. Prac. & Rem.
Code §82.002(a) (Vernon 2005).
3. Indeed, Edwards characterizes the order for indemnification as interlocutory throughout its brief. 
4. We note that the word "loss" used in §82.002(a) of the Civil Practice and Remedies Code includes
"court costs and other reasonable expenses, reasonable attorney's fees, and any reasonable damages." Tex.
Civ. Prac. & Rem. Code Ann. §82.002(b) (Vernon 2005). Thus as an indemnitee, Covenant may be entitled
by statute to attorney's fees and court costs, among other relief.